**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DARYL DEWAYNE CARTER** | § | |
| | § | |
| **v.** | § | **A-12-CV-841 SS** |
| | § | |
| **MIKE PEARCE, WARDEN, FEDERAL CORRECTIONAL INSTITUTE, BASTROP, TEXAS** | § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner Daryl Dewayne Carter's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed on September 10, 2012 (Dkt. # 1); Warden Mike Pearce's Response to the Petition for Writ of Habeas Corpus, filed December 3, 2012 (Dkt. # 4); and Petitioner's Answer to the Response, filed on December 26, 2012 (Dkt. # 5).

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL BACKGROUND

On December 16, 1999, Smith County, Texas issued an arrest warrant for Petitioner Daryl Dewayne Carter ("Carter") for a parole violation. On December 29, 1999, Smith County Sheriff's Office arrested Carter for selling crack cocaine and for the parole violation. On February 1, 2000, Carter was charged in the United States District Court for the Eastern District of Texas with conspiracy to distribute narcotics and distributing narcotics, in violation of 21 U.S.C. § 846 and

§ 841(1). On February 24, 2000, state authorities loaned Carter to the Eastern District of Texas pursuant to a writ of habeas corpus ad prosequendum. On April 18, 2000, Carter pled guilty pursuant to a plea agreement to conspiracy with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. On August 21, 2000, United States District Judge T. John Ward sentenced Carter to a 260-month term of imprisonment, followed by a five-year term of supervised release, a $100 special assessment fee and an order of forfeiture. See 6:00-cr-00005-MHS-JDL, Dkt. # 54. The Judgement did not specify whether the sentence should be served consecutively to or concurrently with any state sentence. Carter filed a direct appeal of his sentence, which the Fifth Circuit dismissed as frivolous.

On September 19, 2000, the Texas Department of Criminal Justice Parole Division revoked Carter's parole pursuant to the December 16, 1999 warrant. The next day, the federal authorities released Carter from the federal writ and he was returned to Smith County Jail. *See* Attachment 7 to Government's Response. Carter remained in state custody until he was paroled on June 15, 2005, and released to the United States Marshals Service. *See* Attachment 8 to Government's Response. On August 11, 2005, Carter arrived at FCI- Beaumont in Beaumont, Texas to begin serving his federal sentence. *See* Attachment 9 to Government's Response.

On March 19, 2010,United States District Judge T. John Ward granted Carter's motion for retroactive application of the sentencing guidelines to crack cocaine offenses and reduced his sentence from 260 to 188 months imprisonment. See Dkt. # 114. On February 6, 2012, Carter filed another motion for retroactive application of the sentencing guidelines to crack cocaine offenses. On April 13, 2012, Judge Ward further reduced Carter's sentence from 188 to 130 months

imprisonment. See Dkt. # 124. Carter is currently serving his sentence at the Federal Correctional Institute in Bastrop, Texas, and has a projected release date of December 15, 2014.

In the instant petition Carter contends that the Bureau of Prisons have erroneously calculated his sentence. Carter contends that he is entitled to credit against his federal sentence for time spent in state custody following his federal sentencing (from February 24, 2000, through June 15, 2005). Carter has exhausted his administrative remedies with regard to this issue.

## II. ANALYSIS

Title 18 U.S.C. § 3585, determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It provides the following:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added).

The Bureau of Prisons ("BOP") is responsible for calculating a prisoner's sentence and for determining what credit, if any, will be awarded to prisoners for time spent in custody prior to the

start of their sentences. *United States v. Wilson*, 503 U.S. 329, 331–32, 334 (1992); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). Pursuant to 28 U.S.C. § 3621(b), "the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (citing *Barden v. Keohane*, 921 F.2d 476, 480 (3d Cir. 1990)). When an inmate requests a nunc pro tunc designation to the state prison, the BOP reviews the request in light of the factors set out in § 3621(b)[1] and the BOP's Program Statements. The BOP, however, will only make such a designation "when it is consistent with the intent of the sentencing Federal court, or with the goals of the criminal justice system." BOP Program Statement 5160.05. "The decision whether to designate a [state] facility as a place of federal detention [pursuant to 18 U.S.C. § 3621(b)] 'is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy.'" *Abdul–Malik v. Hawk–Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005) (citing *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002)).

The record in this case shows that the BOP reviewed Carter's request for nunc pro tunc designation under the relevant factors set out in 18 U.S.C. § 3621(b), and in accordance with case law and their own polices, and determined that Carter's case was not appropriate for a nunc pro tunc designation. The record in this case shows that the BOP properly determined that Carter's federal

[1]These factors are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence— (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type or penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b).

sentence commenced on June 15, 2005, when he was paroled from his state sentence and released to federal custody to begin serving his federal sentence. Carter argues that his sentence commenced on the day he was sentenced by the District Court, on August 17, 2000, and relies on the District Court's statement at sentencing that "[t]he defendant is remanded into the custody of the Untied States Marshal to commence serving the sentence imposed." Sentencing Tr. at p. 38. However, Carter ignores the fact that at the time of his sentencing, he was in the primary custody of the State of Texas and was merely on "loan" to the federal officials pursuant to a writ of habeas corpus ad prosequendum. *See Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) ("A writ of habeas corpus ad prosequendum is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."). Accordingly, Carter's federal sentence did not commence until he was released to federal officials on June 15, 2005, to begin serving his federal sentence. *See Jones v. Joslin,* 635 F.3d 673, 675 (5th Cir. 2011) (finding that petitioner's federal sentence commenced on the day he was officially released from state custody and released to federal officials); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985) (holding that prisoner's sentence commenced following the declaration of his federal prison term, when he was received at a the facility designated for service of his federal sentence).

The BOP in this case was also correct in finding that the period of time for which Carter seeks credit against his federal sentence (from August 17, 2000, to June 15, 2005) has already been credited against his state sentence. *See* Declaration of Henry Davis at p. 4, Exh. to Government's Response (citing and attaching the Texas documents demonstrating Carter received credit for the time in question). As quoted above, § 3585(b) clearly and unambiguously prohibits the BOP from giving a prisoner credit toward his federal sentence for time that has already been credited toward

another sentence.[2] *See Wilson*, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time"). Accordingly, Carter is not entitled to receive credit again toward his federal sentence under § 3585(b). *See Jones,* 635 F.3d at 675 (holding that BOP was not required to credit the time defendant spent in state custody toward his federal sentence since that time was already credited against his state sentence); *Leal*, 341 F.3d at 430 (same); *United States v. Moore,* 2001 WL 1692476 at *4 (5th Cir. 2001) (same); *Brown*, 753 F.2d at 456 (same).

In addition, because the judgment in Carter's case did not specify whether the federal sentence would run concurrently with his state sentence,[3] the BOP properly sought the opinion of the sentencing court on whether or not it would object to a retroactive designation under § 3621(b). See Attach. 17 to Government's Response. The sentencing court did not respond to the letter. Given the above factors, the Court finds that the BOP acted within its clear discretion when it denied Carter's request for nunc pro tunc designation. *See Puga v. Sherrod*, 462 F. App'x 470, 473, 2012 WL 573419 at * 2 (5th Cir. 2012) (finding that the BOP acted within its discretion when it denied nunc pro tunc designation given the intent of the sentencing court and the lack of statutory entitlement to credit for the expired state sentence). Based upon the foregoing, the Court finds that

---

[2]In his Reply Brief, Carter argues that his state custody was "exclusively the product" of the federal action, relying on the Fifth Circuit's opinion in *Ballard v. Blackwell*, 449 F.2d 868, 869 (5th Cir. 1971). However, *Ballard* was interpreting the time-crediting statute in effect at the time, 18 U.S.C. § 3568. Section 3568 was repealed by the Sentencing Reform Act of 1984 and replaced by § 3585. *Wahl v. Bureau of Prisons Officers*, 281 F. App'x 359, 360 (5th Cir. 2008). Section 3585 applies to cases, like Carter's, where the offense was committed after November 1, 1987. *Id.* Thus, as discussed above, under § 3585, a prisoner is only entitled to federal credit if he has not already received credit against another sentence, such as his state sentence. See 18 U.S.C. § 3585(b). Accordingly, Carter's argument is without merit.

[3]"[W]hen the sentencing court makes no mention of a prior state sentence, the federal sentence shall run consecutive to the state sentence." *Jones,* 635 F.3d at 674-75.

the BOP gave "full and fair" consideration to Carter's request, which is all that it is required to do. *Estrada v. Tamez*, 2012 WL 4458689 at * 5 (N.D. Tex. Aug. 20, 2012). Accordingly, Carter has failed to demonstrate that he is entitled to any further credit against his federal sentence and, therefore, his § 2241 Petition should be denied.

## III. RECOMMENDATION

The Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Daryl Dewayne Carter's Petition (Dkt. # 1) for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of April, 2013.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE